IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NAKIERA KENO, on her own behalf
and all similarly situated individuals,

    Plaintiff,

v.

S & J HEALTHCARE, L.L.C. a Florida
For Profit Corporation and
JEFFREY COOPER, individually,

    Defendants
_____/

CIVIL ACTION
FILE NO.:

8:14-CV-980-T-35AEP

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NAKIERA KENO ("Plaintiff"), on behalf of herself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, S & J HEALTHCARE, L.L.C ("S&J"), a Florida Profit Corporation and JEFFREY COOPER, individually, (collectively, "Defendants") and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## PARTIES

3. At all times material hereto, Plaintiff was, and continues to be a resident of Sarasota County, Florida.

4. At all times material hereto S&J was a Florida Profit Corporation. Further, at all times material hereto, S&J was engaged in business in Sarasota County, Florida.

5. At all times material hereto S&J provided health care services, as a franchisee of Brightstar Care.

6. At all times relevant to this action, JEFFREY COOPER was an individual resident of the State of Florida.

7. At all times relevant to this action, JEFFREY COOPER owned S&J.

8. At all times relevant to this action, JEFFREY COOPER managed and operated S&J.

9. At all times relevant to this action, JEFFREY COOPER regularly exercised the authority hire and fire employees of S&J.

10. At all times relevant to this action, JEFFREY COOPER determined the work schedules for the employees of S&J.

11. At all times relevant to this action, JEFFREY COOPER controlled the finances and operations S&J.

12. At all times relevant to this action, JEFFREY COOPER was an employer as defined by 29 U.S.C. 201, et. seq.

13. At all times relevant to this action, S&J was an individual resident of the State of Florida.

14. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

15. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

16. At all times material hereto, Defendants were the "employers" within the meaning of FLSA.

17. Defendants were, and continue to be, "employers" within the meaning of FLSA.

18. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

19. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

20. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

21. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce. Specifically, Defendants had multiple employees who regularly: (1) drove tow trucks that were manufactured outside of the State of Florida; (2) used cell phones that were manufactured outside the State of Georgia; and (3) used gasoline manufactured outside the State of Florida, all in the furtherance of their work for Defendants.

22. At all times material hereto, Plaintiff was "engaged in commerce" and

3

subject to individual coverage of the FLSA.

23. At all times material hereto, Plaintiff was "engaged in commerce" by virtue of the fact that he regularly performed work on instrumentalities of commerce (i.e. interstate roadways).

24. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

25. The additional persons who may become plaintiffs in this action are/were non-exempt "CNA" employees of Defendants, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours and/or who were not paid at least minimum wage in one or more workweeks while employed by Defendants.

26. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

27. On or about October of 2013, Defendants hired Plaintiff to work as a non-exempt "Certified Nursing Assistant."

28. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

29. From at least October of 2013 and continuing through April of 2014, Defendants failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular

rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

30. From at least October of 2013 and continuing through April of 2014, , Defendants failed to pay Plaintiff at least federal minimum wage for all weeks worked.

31. Defendants have violated Title 29 U.S.C. §206 and 207 from at least January of 2013 and continuing through August of 2013, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA;

    c. Defendants' failed to pay Plaintiff at least minimum wage for all weeks worked in violation of the FLSA; and

    d. Defendants have failed to maintain proper time records as mandated by the FLSA.

32. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

33. Plaintiff re-alleges and re-avers paragraphs 1 through 37 of the Complaint as if fully set forth herein.

34. From at least October of 2013 and continuing through April of 2014, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

35. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

36. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

37. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

38. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

39. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

40. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

41. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with

respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half for their overtime hours.

42. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty (40) or more hours in a work week, Defendants have failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours

## COUNT II
## RECOVERY OF MINIMUM WAGES (FLSA)

43. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-42 above.

44. Plaintiff was entitled to be paid the applicable federal minimum wage for each week Plaintiff worked during Plaintiff's employment with Defendants.

45. Defendants failed to pay Plaintiff the federal minimum wage for each week Plaintiff worked for Defendants.

46. Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate Plaintiff for same. As a result of Defendants' actions in this regard, Plaintiff has not been paid the federal minimum wage during one or more weeks of employment with Defendants.

47. Defendants had specific knowledge that they were paying sub-minimum

wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

48. Defendants willfully failed to pay Plaintiff the federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

49. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff minimum wages in the amount due to him for Plaintiff's time worked in each work week;

    e. Awarding Plaintiff liquidated damages in an amount equal to the minimum wages award;

    f. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    g. Awarding Plaintiff pre-judgment interest;

h. Granting Plaintiff an Order, on an expedited basis, allowing him to send Notice of this action, pursuant to 216(b) and/or FRCP 23, to those similarly situated to Plaintiff; and

i. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 21st day of April, 2014.

Respectfully submitted,

Andrew Frisch, Esq.
Georgia Bar No. 366105
MORGAN & MORGAN
600 N. Pine Island Rd., Ste. 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: AFrisch@forthepeople.com
*Trial Counsel for Plaintiffs*